IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2005 MAY 31 A 9: 56

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Erik Bozell
_____
Full name and prison number
of plaintiff(s)

v.

Willie Thomas, warden, et al,
Willie Copeland, Lt.
J.J. Richards, Col and,
William Hughes, Col
___Defendants._____
Name of person(s) who violated
your constitutional rights.
(List the names of all the
persons.)

CIVIL ACTION NO. 2:05cv510-A
(To be supplied by the clerk
of U.S. District Court)

I.  PREVIOUS LAWSUITS
    A.  Have you begun other lawsuits in state or federal
        court dealing with the same or similar facts involved
        in this action?  YES(X)  NO( )

    B.  Have you begun other lawsuits in state or federal
        court relating to your imprisonment?  YES( )  NO(X)

    C.  If your answer to A or B is yes, describe each lawsuit
        in the space below. (If there is more than one lawsuit,
        describe the additional lawsuits on another piece of
        paper, using the same outline.)

        1.  Parties to this previous lawsuit:

            Plaintiff(s) Erik Bozell

            Defendant(s) Willie Thomas, Willie Copeland, and
            J.J. Richards

        2.  Court (if federal court, name the district; if
            state court, name the county) United States District
            court for the middle District of Alabama

4

3. Docket number 2:04-CV-829-F

4. Name of judge to whom case was assigned Susan Russ Walker united states magistrate judge

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) Dismissed without prejudice

6. Approximate date of filing lawsuit 9-1-2004

7. Approximate date of disposition 12-2005

II. PLACE OF PRESENT CONFINEMENT W.C. Holman Correctional Facility, Holman unit 3700, Atmore, Ala. 36503-3700

PLACE OF INSTITUTION WHERE INCIDENT OCCURRED Staton correctional Facility

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

| # | NAME | ADDRESS |
|---|------|---------|
| 1. | Willie Thomas | 2690 maron spillway, Rd. P.O. Box 56 Elmore, Ala. 36025 |
| 2. | Lt. willie copeland | " " |
| 3. | J.J. Richards | " " |
| 4. | William Hughes | " " |
| 5. | | |
| 6. | | |

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED August, 2004

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: excessive use of force caused cruel, inhuman, and unusual punishment pain and suffering, in violation under U.S. const. Amends. 8 and 14.

5

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

See attached civil rights complaint with a jury demand and affidavits attached hereto, all of which is incorporated by reference herein.

GROUND TWO: Unlawful transfer based on false disciplinary report caused cruel and unusual retaliation punishment.

SUPPORTING FACTS: See attached civil rights complaint with a jury demand attached hereto, all of which is incorporated by reference herein.

GROUND THREE: _____

SUPPORTING FACTS: _____

6

<u>In The United States District Court For</u>
<u>The Middle District of Alabama</u>

RECEIVED
2005 MAY 31 A 9:56
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Erik Rozell,
Plaintiff,

vs.

Willie Thomas, Warden, et al,
Willie Copeland, Lt.
J.J. Richards, CoI and
William Hughes, CoI
Defendants.

Civil Action No.:
2:05cv510-A

(To be supplied by clerk of U.S. District Court)

<u>Civil Rights Complaint</u>
<u>With A Jury Demand</u>

This is a 1983 action filed by Erik Rozell, a state prisoner, alleging violation of his constitutional rights and seeking money damages, declaratory judgment, and injunctive relief. The plaintiff requests a trial by jury.

I.   <u>Jurisdiction:</u>

1. This is a civil rights action under 42 U.S.C. section 1983. This court has jurisdiction under 28 U.S.C. section 1343. Plaintiff also invokes the pendent jurisdiction of this court.

1.

## II.   Parties:

1. Plaintiff Erik Rozell is presently incarcerated at the W.C. Holman state prison of Southern Alabama, Atmore, Escambia county.

2. Defendant Willie Thomas is the warden of the Staton Correctional Facility of the middle District of Alabama, Elmore county, and is responsible for the operation and management of Staton Correctional Facility. He is responsible for the training and supervision of the correctional personnel employed at Staton Correctional Facility. See policy directive _____. He is sued in his individual and official capacities.

3. Defendant Willie Copeland, an agent of defendant Thomas, is a Lieutenant at Staton Correctional Facility and is the officer-in-charge of the first shift of correctional personnel. He is sued in his individual and official capacities.

4. Defendant J.J. Richards, an agent of defendant Thomas, is a CO1 at Staton Correctional Facility and is the officer of the first shift. He is sued in his individual and official capacities.

5. Defendant William Hughes, an agent of defendant Thomas, is a CO1 at Staton Correctional Facility and is the officer responsible for charging the plaintiff with a violation of Rule no. 441 causing the transfer

2.

of plaintiff to W.C. Holman correctional Facility, of the second shift. He is sued in his individual and official capacities.

6. All defendants have acted under "color of state law" during all times relevant to this complaint.

III. Statement of The Facts:

1. On August 12, 2004, the plaintiff got envolved in a minor altercation with another inmate at Staton correctional Facility. More specifically, plaintiff took a swing at inmate Lee Boswell in the common area over a dispute between him and plaintiff, there was no actual physical contact made by plaintiff and the dispute was settled without any further attempts of violence against either plaintiff or Baswell. Officers Willie Copeland and J.J. Richards were both on the scene and took plaintiff and inmate Boswell to the shift commanders office for questioning by defendant Copeland.

2. Defendant Copeland asked me and inmate Boswell whether or not the dispute had been settled and both plaintiff and inmate Boswell agreed that the conflict in fact was resolved peacefully.

3. Defendant Copeland looked up and saw plaintiff merely looking at him in a peaceful non violent

3.

manner to answer any further questions he may have wanted to ask plaintiff, so defendant copeland then ordered me to stop looking at him because he claimed or admitted that he did not like the plaintiff anyway and didn't know why he was always hanging around on his shift. so the plaintiff continued to keep looking at defendant because he was still talking and verbally cursing him.

4. Specifically, defendant copeland closed the law library door because he was getting loud, and he screamed at plaintiff to look away from him "down at the got damn floor," again plaintiff refused to obey the unjustified order made against him by defendant and kept on looking at him in fear of a possible attack against plaintiff because defendant was still continueing to go on about not liking the plaintiff. more specifically, defendant copeland again ordered plaintiff to look away from him "down at the got damn floor" because he claimed, "you are scaring me bitch and trying to intimidate me", and that's when defendant copeland used unlawful excessive force when he attempted to kick plaintiff in the sensitive crotch area and then physically assaulted him when he actually banged plaintiff upside his head by striking him with the side of his fist with intent to cause physical injury or unecessary bodily harm against plaintiff,

4.

and while officer J.J. Richards participated and assisted defendant copeland when he physically restrained plaintiff by holding his arm against the wall.

5. Defendant Richards continued to hold plaintiff's arms while defendant copeland also continued to hit him upside the head with his fists and kneeing him in the sensitive crotch area, and the plaintiff did not actually do anything to provoke this assault against him by the defendants nor did he make any attempt to resist this assault against his person unreasonably and unlawfully executed against him by defendants other than to twist and protect himself from being kneed in his private parts by defendant copeland

6. Defendant copeland then ordered other defendant to take plaintiff to the infirmary and get him a body chart, and then defendant Richards, (the officer who assisted in the beating of the plaintiff by holding him against the wall while defendant copeland was assaulting him), took plaintiff to the infirmary where a nurse looked at my body and refused to take note of the redness on the side of plaintiffs' face which showed it was obvious that he had been struck several times.

7. When plaintiff returned from the infirmary he was ordered to wait in the barbershop area and

5.

left there unguarded, so he decided to go to his dormitory and called his mother and informed her of the assault against him by the defendants and as a result plaintiff's mother called defendant Thomas and reported the assault against plaintiff to him and no disciplinary action was ordered by him against defendants copeland and Richards.

8. Later plaintiff was called back to the shift office by defendant copeland and told by him that it was personal between him and defendant and that he was going to have plaintiff transferred to W.C. Holman prison based on this reason, then defendant copeland told plaintiff to go back to his dorm. See affidavit of Erik Bozell dated August 30th, 2004 (original); see affidavit of Zavius Averette.

9. On September 23, 2004, in retaliation defendant Huges participated and assisted defendant copeland by creating a false rule violation agains plaintive under Rule no. 44 in an attempt to have a justified reason to transfer plaintiff to Holman prison, by claiming that plaintiff stated he would run a piece of steel through defendant copeland's head, which was solely based on alleged information obtained by a confidential informant, which may have or may not have actually been true, and defendant Hughes never actually heard plaintiff make any kind of verbal threat against defendant copeland. Therefore, plaintiff

6.

was placed in lockup under pending investigation for making alleged threats against defendant copeland, which was not determined to be true since the confidential informant was not actually present to testify against plaintiff at the disciplinary hearing.

10. on september 30, 2004, plaintiff was found guilty by the disciplinary court.

11. on october 18, 2004, plaintiff was transferred to W.C. Holman prison where he remained in administrative segregation and was not released untill he agreed to drop his law suit against defendants. on December 2004, the plaintiff had his previous civil action against defendants dismissed without prejudice. Thereafter, on march 25, 2005, plaintiff was released to population.

12. Defendants copeland and Richards failed to follow the policy directive actions concerning the allegations contained above at paragraphs 2-5.

IV. Statement of Claims Presented:

1. First Cause of Action:
The actions of the defendants stated in paragraphs 2 through 5 caused plaintiff cruel, inhuman, and unusual excessive punishment in violation of the eighth and fourteenth amendments of the united states constitution.

7.

2. Plaintiff's eighth and Fourteenth Amendment rights to be free of unjustified and excessive use of force was violated when:

   a) he was intentionally beaten with fists while being physically restrained from freedom of movement and

   b) he was kicked in his private parts while being physically restrained from freedom of movement.

### Second Cause of Action:

1. The actions of the defendants stated in paragraphs 8 through 11 caused plaintiff cruel, inhuman, and unusual excessive punishment in violation of the eighth and Fourteenth amendments of the united states constitution.

2. Plaintiff's eighth and fourteenth Amendment rights to be free of unjustified transfer to a maximum security facility was violated when:

   a) he was transferred from a minimum security facility to a maximum security facility based on false allegations.

   b) he was transferred based on pending civil action against defendants.

8.

<u>Third Cause of Action:</u>
1. The actions of the defendants stated in paragraphs 2 through 5 violated state law.
2. Plaintiff alleges that defendants violated state law of assault with intent to cause physical injury and the regulations of Alabama Department of corrections with respect to lawful use of force when:
    a) he was intentionally beaten with fists while being physically restrained from freedom of movement and
    b) he was kicked in his private parts while being physically restrained from freedom of movement.

V. <u>Relief Requested:</u>
Wherefore, plaintiff requests this Honorable court grant the following relief:
A. Issue a declaratory judgment that defendants violated the united states constitution and state law when they:
1) used unecessary excessive force against the plaintiff by beating him in the head with fists without any justification; and,
2) kicked plaintiff in his private parts without any justification; and
3) Transferred plaintiff based on false allegations

9.

contained in disciplinary report.

B. Issue an injunction ordering that defendants or their agents 1) refrain from using excessive force against plaintiff, except when immediately necessary to prevent death, or the destruction of valuable property; and,

2) refrain from from using excessive force to kick plaintiff, except when immediately necessary to prevent death, or the destruction of valuable property; and,

3) refrain from using other physical force against plaintiff except when necessary to maintain order or immediately necessary to prevent death, injury, or the destruction of valuable property; and

4) Remove the disciplinary containing false and misleading information from the record.

C. Grant compensatory damages in the amount of $10,000.00 against each defendant.
D. Grant punitive damages of $10,000.00 against each defendant
E. Grant such other relief as it may appear plaintiff is entitled.

Respectfully submitted
Erik Bozell
Erik Bozell, 209189

10.

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

Compensatory damages in the amount of $10,000.00 against each defendant, punitive damages of $10,000.00 against each defendant and be transfered back to a level four institution.

_____
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on May 12, 2005.
             (Date)

_____
Signature of plaintiff(s)

7