IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIK ROZELL #209189 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:05-V-510-F |
| | ) |
| WILLIE THOMAS et. al. | ) |
| | ) |
| Defendants. | ) |

## ANSWER

Come now the Defendants Willie Thomas, William Hughes, Willie Copeland and Jerry Richards, by and through the Office of the Attorney General – State of Alabama, and in accordance with this Honorable Court's Order dated June 29, 2005 hereby submit the following Answer:

This is a jurisdictional statement and does not require the Defendants to admit deny the information contained therein.

## PARTIES

1. The Defendants admit that the Plaintiff is presently incarcerated at W.C. Holman Correctional Facility.

2. The Defendants admit that Willie Thomas was employed as a former Warden III of Staton Correctional Facility. The Defendants deny the remaining allegations of paragraph 2 and demand strict proof thereof.

3. The Defendants admit that Willie Copeland is employed as a Correctional Officer Supervisor I at Staton Correctional Facility. The Defendants deny the remaining allegations of paragraph 3 and demand strict proof thereof.

4. The Defendants admit that Jerry Richards is employed as a Correctional Officer I with Staton Correctional Facility. The Defendants deny the remaining allegations of paragraph 4 and demand strict proof thereof.

5. The Defendants admit that William Hughes is employed as a Correctional Officer I with Staton Correctional Facility. The Defendants deny the remaining allegations of paragraph 5 and demand strict proof thereof.

6. The Defendants deny any and all allegations against them, whether stated or implied, and demand strict proof thereof.

## STATEMENT OF FACTS

1. The Defendants state that on August 12, 2004, around 9:10 a.m., the Plaintiff and another inmate, Lee Boswell was involved in a physical altercation in the prison barbershop. An officer escorted the inmates to Defendant Copeland's office. The officer reported that he did not see the inmates engaged in a fight but he noticed blood on inmate Boswell's shirt. Defendant Copeland questioned the inmates about the incident. The Plaintiff admitted that he had hit the other inmate because Boswell had disrespected him by bumping into him without apologizing and had closed the door in his face at the barbershop. Boswell denied the Plaintiff's version of events. Defendant Copeland informed the Plaintiff that he would get a disciplinary for a rule violation, #31 Assault on Another Inmate.

2. The Defendants further state that Defendant Copeland sent a page for an available rover to report to the Shift Commander's office. Defendant

       Richards responded to the call. Defendant Richards and another officer escorted the Plaintiff and inmate Boswell to the Health Care Unit. At 9:22 a.m., the nurse examined the Plaintiff and noted that there were not any injuries to his upper or lower extremities. The nurse released the Plaintiff at 9:26a.m. to DOC officials.

3.   The Defendants state that on August 12, 2004, Defendant Copeland charged the Plaintiff with rule violation #31, Assault on Another Inmate. The Plaintiff signed and acknowledged receipt of the charge. On August 18, 2004, a disciplinary hearing was held on the Plaintiff's charge. The Plaintiff pled not guilty to the charge. The Plaintiff did not make a verbal or written statement to the Hearing officer. Defendant Copeland testified at the proceedings. At the conclusion of the evidence, the Hearing officer found the Plaintiff guilty of rule violation #31, and recommended that the Plaintiff lose 45 days of canteen, phone and visitation privileges. The Hearing officer also recommended that the Plaintiff get sent for reclassification. On August 19, 2004, Defendant Thomas disapproved the Plaintiff's disciplinary because of a due process violation.

4.   The Defendants state that on September 21, 2004, Defendant Hughes was assigned as the second shift rover at the prison. Around 2:10 p.m., a reliable confidential informant notified the officer that the Plaintiff had said that he would run a piece of steel through Defendant Copeland's head the next morning. Defendant Hughes notified the second shift supervisor about the incident. Thereafter, Warden Forniss was contacted to discuss the matter and

he agreed with Lt. Browning's recommendation to put the Plaintiff in the Holding Tank. Defendant Hughes inventoried the Plaintiff's personal property and escorted him to the Health Care Unit for a medical examination. The medical examination showed that the Plaintiff did not have any physical injuries to his body prior to his placement in the Holding Tank.

5. The Defendants state that Defendant Hughes served a Detention Notification on the Plaintiff. On September 23, 2004, Defendant Hughes initiated disciplinary action against the Plaintiff for a violation of Rule #44-Threats.

6. The Defendants further state that on September 30, 2004, around 7:30 p.m., the Plaintiff's disciplinary proceedings were held in the Shift office. Defendant Hughes testified that he received information from a confidential informant with first-hand knowledge that the Plaintiff had threatened to run a piece of steel through Defendant Copeland's head by the next morning. Defendant Hughes further testified that this informant had proven reliable in the past. The Plaintiff testified that he was trying to get to Hall #1 and an officer would not let him go. Lt. Browning told the Plaintiff to return to his dorm. Within a few minutes, the Plaintiff said that he was called to the Shift office and told that he was under investigation and going to lock-up for making threats against Defendant Copeland. At the conclusion of the evidence, the Hearing officer found the Plaintiff guilty and recommended disciplinary segregation for 21 days and loss of privileges for 60 days. The Hearing officer also recommended that the Plaintiff be referred to

classification for review and transfer. On October 14, 2004, the Plaintiff's punishment was approved.

7. The Defendants deny any and all remaining factual allegations of the Plaintiff and demand strict proof thereof.

## FIRST CAUSE OF ACTION

The Defendants deny any and all allegations of excessive force under the Eighth and Fourteenth amendments in this paragraph and demand strict proof thereof.

## SECOND CAUSE OF ACTION

The Defendants deny any and all allegations of this paragraph and demand strict proof thereof.

## THIRD CAUSE OF ACTION

The Defendants deny any and all allegations of this paragraph and demand strict proof thereof.

## RELIEF

The Defendants deny any and all allegations of this paragraph and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1. The Defendants deny that they used excessive force against the Plaintiff during his incarceration at Staton Correctional Facility.

2. The Defendants deny that they retaliated against the Plaintiff during his incarceration at Staton Correctional Facility.

3. The Defendants deny that they deprived the Plaintiff of any of his constitutional rights.

4. The Defendants assert that the Plaintiff has failed to articulate any claims under the Eighth Amendment in order to entitle him to any relief.

5. The Defendants assert the defenses of sovereign and qualified immunity.

6. The Defendants assert that the Plaintiff is not entitled to damages, costs, injunctive relief or any other relief.

7. The Defendants reserve the right to add by amendment any and all defenses that may be applicable but which are unidentifiable at this time.

Respectfully submitted,
TROY KING (KIN 047)
ATTORNEY GENERAL
BY:

/s/ Lavette Lyas-Brown
LAVETTE LYAS-BROWN (LYA 001)
ASSISTANT ATTORNEY GENERAL
COUNSEL FOR THE DEFENDANTS

ADDRESS OF COUNSEL:
Office of the Attorney General
11 South Union Street
Montgomery AL 36130
334-242-7443
334-242-2433 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of August, 2005, that I have filed the foregoing document with the Clerk of the Court, and that I served a true and correct copy of the foregoing has been forwarded by U.S. First Class Mail, postage prepaid and properly addressed to:

>Erik Rozell # 209189
>Holman Correctional Facility
>Holman 3700
>Atmore, AL 36503-3700

*/s/ Lavette Lyas-Brown*
LAVETTE LYAS-BROWN
ASSISTANT ATTORNEY GENERAL