RECEIVED

## In The United States District Court For The Middle District Of Alabama Northern Division

Erik Bozell, # 209189,
    plaintiff,
      Vs.
Willie Thomas et. al.,
    Defendants.

Civil Action number:
2:05-CV-510-A

## Motion For Leave To File An Amended Complaint

    Plaintiff Erik Bozell, pursuant to Rules 15 (a) and 19(a), (Fed. R. Civ. Proc.), requests leave to file an amended complaint adding new and additional facts in support of his claims as set out in his previously filed complaint and states:

1. Plaintiff in his original complaint did not state the actual real reason why Lt. Willie copeland assaulted him by unlawful use of excessive force with deadly weapons by striking him in the head with his fist and kicking him in the crotch area with his foot with intent to cause cruel and unusual physical injury in violation of plaintiff's rights under the Eighth Amendment of the United States

1.

constitution.

2. Since the filing of the complaint the plaintiff now admits that defendant copeland was actually prejudice against the plaintiff because he was of white race and working for a black female officer named sgt. mary Lee, which defendant copeland, who is also of black race, thought that plaintiff and sgt. Lee was having sex together which motivated defendant copeland to assault the plaintiff at the earliest available opportunity.

3. Defendant copeland had defendant william Huges to conspire and assist him in creating a false disciplinary charge against plaintiff as a basis to have him transferred, by falsely claiming that several inmates reported hearing plaintiff make threatening remarks against defendant copeland, which is merely hearsay without any supporting written affidavit sworn to under penalty of perjury, in violation of plaintiff's due process and equal protection rights under the Fourteenth Amendment of the united states constitution.

4. This court should grant leave freely to amend a complaint prior to entry of a final judgment. see <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321 (11th

2.

Cir. 2001); see also, Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227 (1962).

Thus, plaintiff's amended complaint follows:

## II.  Amended complaint And Additional statement of Facts

13. Plaintiff adopts the statement of the grounds for relief as set out in his previously filed complaint, all of which is incorporated by reference herein.

14. The new facts supporting the plaintiffs' claims for relief are set out in detail in his witness's sworn affidavit of mr. zavius Averette #217905, who was a subsequent assault victim of defendant copeland. After a review of the new facts, this Honorable court should find that the defendants have actually violated the plaintiff's constitutional rights during his incarceration at staton correctional Facility.

15. Specifically, on August 21st, 2004 mr. zavius Averette gave sworn testimony under oath. The affidavit reads in relevant part as follows:

"....Lt. copeland then asked me if I knew Rozell. I said yea, I know

3.

him, and asked Lt. Copeland was he referring to the white boy that clean up around the camp, and he said yea, that's who I'm talking about, but that bitch don't be cleaning up, he be sh-aming around so he can fuck Sgt. Lee everyday. she must have some-thing going on with him because she haven't wrote his ass up yet, so she must like it.

Lt. Copeland then stated that that's alright, I handled it, yea I handled that little bit, then I Zavius Avere-tte asked Lt. copeland what he meant that he handled it, and told me not worry about that, but he handled it.

Lt. Copeland then went to telling me that Rozell wasn't anything like me, because all he wanted to do is fuck Sgt. Lee, while I wanted to fuck them all.

At the time that Lt. copeland was telling me these things I did not kn-ow that he vhad beaten up Rozell like he did me, and after I    was removed from the hospital holding cell, that's when I found out that

4.

Lt. Copeland had jumped inmate
Rozell in the same area where he
had jumped me at.

After I found out about the ass-
ault on inmate Rozell I went and
found inmate Rozell to warn him
about what the Lt. Copeland had told
me concerning him and the reference
that was made about him and sgt.
Lee, and inmate Rozell asked me
to make a statement for him conc-
erning what Lt. Copeland had said,
and how he tryin to get me to
make a deal with him to shut up
and let the incident go away, as
if he had not physically assaulted me."

See affidavit of Zarius Averette #217905
attached thereto plaintiff's previously filed com-
plaint, all of which is incorporated by reference
herein.

16. On August 12, 2004, defendant Copeland acted
without authority and with specific "intent" to cause
physical injury to plaintiff when he hit him
upside the head with his fist; and subsequently
kicked him in the crotch area causing him ext-
reme pain because he thought that plaintiff was

5.

having sexual intercourse with sgt. Lee. Specifically, defendant copeland actually hated and was prejudice against the plaintiff when he tried to cause physical damage to plaintiff's private parts by useing excessive force by kicking him in his crotch area in an attempt to keep him from having alleged sex with sgt. Lee. More specifically, defendant copeland admitted to inmate Zavius Averette that he had assaulted plaintiff because he claimed he was having sex with sgt. Lee, which is not true, because he was assigned to work under her authority and not to have sex with her.

17. Plaintiff did not and could not have actually obstructed or resisted defendant copeland from performing his proper duties. More specifically, the fight between plaintiff and inmate Boswell was settled by agreement by both of them when an officer escorted them to defendant copelands office. Which sgt. Lee was present and offered Rozell a living agreement to sign, but, defendant copeland slapped it off the desk and stated to plaintiff and sgt. Lee that he would get a disciplinary for a rule violation, rather than sign any living agreement. At which time he commenced his assault on plaintiff.

18. Defendant Richards and another officer escorted

6.

the plaintiff to the Health care unit. At 9:22 a.m., the nurse examined the plaintiff and noted that there were not any visible injuries to his upper or lower extremities, but, the nurse failed to note the plaintiff's complaint about pain in his crotch area, and failed to refer him to be seen by the medical doctor for any physical examination in his crotch area, which the nurse was not authorized to conduct.

On August 19, 2004, defendant Thomas disapproved the plaintiff's disciplinary for a due process violation because he was served twice, but, was not given any opportunity to list any witnesses.

19. In a disperate attempt to remove plaintiff from population and have him transferred away from sgt. Lee, defendant copeland had defendant Hughes assist him in creating a false disciplinary charge by claiming a confidential informant or informants reported that plaintiff stated that he would run a piece of steel through Lt. Copeland's head, but, there isn't anything in the record showing that the alleged informants actually signed an affidavit testifying under oath as to this allegation, thus, without proof this constitutes hearsay which may or may not be true. Therefore, plaintiff demands a jury trial necessary to cross examine the informant or informants under oath. As a result plaintiff

7.

was transferred. On October 14, 2004, the plaintiff's punishment was approved by defendant Thomas.

## III.    Argument of Fact And Law

The plaintiff alleges that the defendants violated his substantial rights to be protected from cruel, and unusual excessive force under the Eighth Amendment of the United States constitution. As stated earlier above, the plaintiff maintains that when he was escorted to the shift commander's office for questioning, that defendant Copeland did actually subject him to the use of unlawful excessive force when he kicked the plaintiff in the crotch and struck his head with his fist with specific intent to cause physical injury to plaintiff, because he was really mad about his crazy thought that plaintiff was having sex with Sgt. Lee a black female officer, and he used the resolved altercation between plaintiff and inmate Boswell to cover up and justify the real reason he had for assaulting the plaintiff which was personal. He alleges that defendant Richards did actually assist defendant Copeland by restraining the plaintiff's arms against the wall. Plaintiff alleges that defendant Copeland actually later admitted to inmate Zavius Averette that he assaulted plaintiff because he was having sex with Sgt.

8.

Lee. The plaintiff also alleges that the defendants did actually retaliate against him by improperly creating a false disciplinary and unlawfully transferred him from staton prison because of a pending civil action and to seperate him from sgt. Lee in an attempt to prevent him from having alleged sex with sgt. Lee. The plaintiff's meritorious allegations are due to be granted and this case set for trial to determine undisputed issues of material fact, with the right to subpoena material witness on his behalf and personally testify himself. The plaintiff files together herewith his motion for trial, all of which is incorporated herein.

The plaintiff alleges that he has been deprived or suffered the deprivation of his rights to be protected from cruel and unusual excessive force by defendants secured by the constitution and laws of the united states by defendants acting in their individual and official capacity under color of state law. 42 u.s.c. section 1983; Gomez v. Toledo, 446 u.s. 635, 640 (1980). Plaintiff alleges that defendant copeland acted personally under color of state law without power possessed by virtue of his employment with the state as a private individual when he committed a racial assault on plaintiff. see Edwards v. wallace community college, 49 F.3d 1517, 1522 (11th cir. 1995); see also, west v. Atkins, 487

9.

U.S. 42, 49 (1988). Thus, plaintiff alleges that he did not obstruct or resist defendant copeland from performing his duty to break up a fight between plaintiff and inmate Boswell because the matter was resolved and under control before plaintiff was brought into the shift office, but, this was merely used by him to assault plaintiff for having alleged sex with sgt. Lee when he kicked plaintiff in the crotch area. Clarke v. Stalder, 121 F.3d 222 (11th cir. 1997).

   The plaintiff maintains that defendants did actually use excessive force against him in violation of his Eighth Amendment rights and is supported by inmate averette's sworn testimony wherein defendant copeland admitted the reason he assaulted plaintiff was because he was having sex with sgt. Lee. United States v. Daniels, 281 F.3d 168 (11th cir. 2002); see also, campbell v. sikes, 169 F.3d 1353, 1374 (11th cir. 1999). This establishes that defendant exceeded his authority to use excessive force against plaintiff maliciously and sadistically in bad faith for the very purpose of causing harm to plaintiff's genitle private parts; based on personal racial reasons. whitley v. Albers, 475 U.S. 312, 320-21, 106 s. ct. 1078, 89 L.E. 2d 251 (1986); see also, Hudson v. mcmillian, 503 U.S. 1, 7, 112 s. ct. 995, 999, 117 L.Ed. 2d 156 (1992).

   Under the facts of this case, on August 12, 2004,

10.

the plaintiff was assaulted by defendant copeland based on his personal racial reason that plaintiff was having alleged sex with sgt. Lee a black female. The plaintiff points out that he is of white race. However, it was not based on the fight between the plaintiff and another inmate because this altercation was settled before the assault. The officer that escorted the plaintiff and other inmate to defendant copeland's office admitted that he did not see them engaged in any fight.

Plaintiff was escorted to the Health care unit. where he was denied an examination for possible injury to his lower crotch area by a doctor.

Additionally, the plaintiff alleges that the defendants unlawfully retaliated and issued a false disciplinary action against him which led to his transfer to another institution to seperate him from sgt. Lee. More specifically, the disciplinary was illegal and void because the alleged informant did not give any sworn affidavit testifying under oath that plaintiff actually said that he would run a piece of steel through defendant copeland's head to support the basis for the issuance of a disciplinary or legal transfer of plaintiff. See 2A C.J.S. section 48-49 at page 491; see also, 6A C.J.S. arrest section 7, at page 13. There- fore, it is merely hearsay and not supported under oath, contrary to law. Thus, for this reason the

11.

plaintiff is entitled to a trial.

Further, plaintiff alleges that the defendants are not immune from damages liability to the plaintiff because they knew or reasonably should have known that they exceeded their authority to assault and transfer plaintiff in violation of his rights. Crowe v. Lucas, 595 F. 2d 985 (5th cir. 1979).

Lastly, because plaintiff was unlawfully transfered in retaliation as a form of cruel and unusual punishment, however, he is entitled to petition this court pursuant to section 1983. See Bonner v. city of prichard, 661 F. 2d 1206 (11th cir. 1981).

## Conclusion

The plaintiff's evidence proves that his claims have merit. The plaintiff has produced sufficient evidence of his claims to support a jury verdict in his favor and the declaratory and injunctive relief as requested in his previously filed complaint, all of which is adopted and incorporated herein.

Wherefore, the above-cited facts and law considered, the plaintiff requests that a judgment granting him a trial be entered in his favor which he is entitled and defendants request for a summary judgment be denied.

12.

Respectfully submitted

_Erik Rozell_
Erik Rozell, #209189

Sworn To And subscribed before me on this
6 day of september, 2005.

_C. C. Rain_
notary Public
Expire date: 4-8-06

_Erik Rozell_
signature of plaintiff

13.