In The United States District Court For The
Middle District of Alabama
Northern Division

RECEIVED
NOV 4 2005
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

Erik Rozell, #209189,
 Plaintiff,
vs.
Willie Thomas, et al.,
 Defendants.

Civil Action Number:
2:05-v-510-F

Response In Opposition
To Defendants Supplemental Special
Report, Answer And Arguments

Now into court comes the plaintiff Erik Rozell, by and through pro se representation, pursuant to Rule 56. (Fed. R. Civ. Proc.) and in accordance with this Honorable courts' most recent order dated October 24th, 2005 and hereby submit the following response In opposition to defendants supplemental special report, answer and arguments. The plaintiff hereby reasserts and incorporates by reference herein all of the claims, arguments and defenses submitted in the original complaint and amended supplemental complaint most recently filed on or about September 6, 2005.

1.

## Parties:

The plaintiff hereby incorporates by reference herein all of the parties named in the original complaint and amended supplemental complaint.

## Plaintiff's Allegations And Demands

The plaintiff hereby incorporates by reference herein all of the facts, allegations and demands in the original complaint, amended supplemental complaint and affidavit attached.

## Plaintiff's Response, Argument of Fact And Law In opposition

1. The Plaintiff states in opposition that he has not failed to state a claim of excessive force pursuant to 42 U.S.C section 1983 against the defendants, contrary to the defendants incorrect allegation.

2. The defendants failed to follow this court's order dated September 15, 2005 by not notifying this court of any pending civil actions filed against the defendant Lt. Copeland based on the same or similar situated constitutional excessive force violations against other

2.

state prisoners necessary to show whether or not if he has a history of using unlawful "corporal punishment" such as excessive force, contrary to state law. The defendants also failed to present any sworn statement of the alleged reliable informant necessary to justify the plaintiff's disciplinary and transfer which is void because it was not properly approved by the warden of Staton prison.

The plaintiff contends on the contrary that defendant Lt. Copeland, however, did exceed his authority when he maliciously and sadistically used excessive force against plaintiff; or better known as "corporal punishment" by striking the plaintiff in the head with a fist and kicking him in his testicles with intent of causing bodily harm, contrary to law in violation of his rights. Whitley v. Albers, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L.E. 2d 251 (1986). The defendant has failed to address whether or not if he hit and kicked the plaintiff contrary to law, therefore, the Plaintiffs' allegations must be considered true. Defendant Richards, however, also did exceed his authority when he maliciously and sadistically assisted Lt. Copeland by unlawfully restraining the plaintiff's arms against the wall while defendant Copeland committed the assault. United States v. Daniels, 281 F.3d 168 (11th Cir. 2002); Campbell v. Sikes, 169 F.3d 1353, 13-74 (11th Cir. 1999); see also, Whitley v. Albers, supra.

3.

The plaintiff also alleges on the contrary that the defendants actually unlawfully retaliated against him when they created and issued a false disciplinary and unlawfully transferred him from staton prison because plaintiff filed civil action against defendants, thus, the disciplinary and transfer are invalid because no sworn statement was ever presented from the alleged informant verifying that the allegations made against plaintiff was actually true and was not signed as approved by the warden, contrary to law, therefore, the plaintiff, has a right to resubmit the instant civil action relating to the original complaint dismissed without prejudice. <u>Bonner v. City of Prichard</u>, 661 F.2d 1206 (11th cir. 1981). The defendants has failed to address whether or not if the alleged informant actually gave a sworn statement. The Plaintiffs' allegations are not frivolous and are due to be granted and scheduled for trial.

    Plaintiff contends that he has sustained a claim under 42 U.S.C. Section 1983, because he has showed that he has been deprived or suffered the deprivation of his "rights, privileges, or immunities secured by the Constitution and laws" of the United States by "defendants" acting contrary to state law without any authority; based upon the fact no statute exists that gave defendants authority to unlawfully exercise use of corporal excessive force against plaintiff

4.

when he was not resisting the restraints imposed upon him by said defendants which they failed to admit or deny. 42 U.S.C. section 1983; Gomez v. Toledo, 446 U.S. 635, 640 (1980). The supreme court has defined "acting under color of state law" as acting with statutory power possessed by virtue of the defendants employment with the state. Rankin v. Howard, 633 F.2d 844 (9th cir. 1980); Turner v. Baynes, 611 F.2d 92 (5th cir. 1980); see also, West v. Atkins, 487 U.S. 42, 49 (1988). Thus, defendants were not actually acting pursuant to any power they possessed by state authority or acting only as private individuals. Edwards v. Wallace community college, 49 F.3d 1517, 1522 (11th cir. 1995). Thus, defendant copelands' excessive "corporal" force was applied maliciously and sadistically to cause plaintiff harm or in bad faith because there was no need to restore discipline, but, was applied by copeland based on his personal reason that he thought plaintiff was having sex with a black female officer by the name of sgt. mary Lee, thus, which was personal. Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992); see also, Edwards v. Wallace community college, supra. However, the plaintiff contends that the facts given by defendants are incorrect and misleading because they fail to mention the "corporal" excessive force used against the plaintiff by defendant copeland as alleged by

5.

plaintiff, but, merely mentions the altercation between plaintiff and the other inmate contrary to the issue presented. Because plaintiff only states facts of the "corporal" excessive altercation between him and defendant copeland. The plaintiff also alleges that defendants have failed to mention whether or not if he was given any physical examination of his testicles by a doctor contrary to law. Therefore, the defendants, however, failed to prove that plaintiff's testicles were not ruptured. <u>Hudson v. McMillian</u>, 503 U.S. at 7; see also <u>Whitley</u>, 475 U.S. at 321.

Plaintiff alleges in addition that the defendants has made a fatal mistake by incorrectly alleging that plaintiff claims the defendants conspired to prohibit him from practicing his religion, because on the contrary he claims that defendants conspired to violate his constitutionally protected right to be free from "corporal" excessive cruel and unusual punishment not authorized under color of state statutory law, therefore, defendants has failed to state correct facts necessary to address his conspiracy claim contrary to law, however, defendants are not immune because their actions committed without any authority, however, subjects them to be prosecuted under 42 U.S.C. Section 1983 civil action. <u>Crowe v. Lucas</u>, 595 F.2d 985 (5th

6.

Cir. 1979).

The defendants have failed to disprove each and every allegation alleged by the plaintiff. Because plaintiff has sufficiently proved that defendants violated his Eighth Amendment rights and due process equal protection constitutional rights, however, this court should deny summary judgment in defendants favor, and should enter a summary judgment in plaintiff's favor.

Further, the plaintiff's previous original complaint, Civil Action 2:04-CV-829-F, was dismissed while he was incarcerated at Holman prison without prejudice. His recent claims for declaratory relief refer to the same "unjudicated" complaint filed at the time of his incarceration at Staton prison and was pending at the time of his transfer. However, these instant claims cannot be moot because they are the same claims presented in his original complaint filed before he was transferred to Holman prison. <u>McKinnon v. Talladega County</u>, 745 F.2d 1360 (11th Cir. 1984); <u>Bonner v. City of Prichard</u>, supra; <u>Pruitt v. United States</u>, 274 F.3d 1315 (11th Cir. 2001).

<u>Conclusion</u>

The plaintiff's unrefuted facts and evidence proves that his claims has substantial merit. The plaintiff has produced sufficient facts and evidence of his claims to support a jury verdict in his favor.

7.

In addition, the defendants are not entitled to soveign and qualified immunity in regards to the plaintiff's suit for liability and damages.

Wherefore, the above-cited facts and law considered, the plaintiff requests that a summary judgment be entered in his favor and set this cause down for trial with appointment of co-counsel.

Respectfully submitted

*Erik Bozell*
Erik Bozell, #209189
Holman unit 3700
Atmore, Ala. 36503-3700

### Certificate of Service

I hereby certify that on this the 2nd day of November, 2005, that I have served a copy of the foregoing pleadings on the attorney for defendants, by placing the same in the W.C. Holman prison's mail box, with postage affixed and addressed to: State of Alabama, office of Attorney General, 11 South Union Street Montgomery, Ala. 36130-0152.

*Erik Bozell*
Erik Bozell, #209189
Holman unit 3700
Atmore, Ala. 36503-3700

8.