<u>In The District Court of The United States</u>
<u>For The Middle District of Alabama</u>
<u>Northern Division</u>

Erik Rozell, 209189,
    Plaintiff,
      vs.
Warden Willie Thomas, et al.,
    Defendants.

Civil Action number:
2:05-CV-510-A

<u>Affidavit of Erik Rozell</u>

Before me, the undersigned authority, a notary Public in and for the state of Alabama at large, personally appeared convict Erik Rozell, who being known to me as a state prisoner and being by me first duly sworn, deposes and says as follows:

My name is Erik Rozell. I am a state prisoner currently incarcerated in the custody of the Alabama Department of Corrections at W.C. Holman Correctional Facility in Escambia County, Alabama.

The claims presented in my most recent re-submitted complaint, Civil Action 2:05-CV-510-A, relates back to my same assault claim that I presented in my previous original complaint, Civil Action 2:04-CV-829-F, filed by me while I was incar-

1.

cerated at Staton Correctional Facility. The prior complaint was dismissed without prejudice.

I have reviewed the affidavit of Willie Copeland and this is my response in opposition to his allegations.

In Willie Copeland's response he falsely alleges that he did not actually physically assault me by striking me in the head and kicking me in my testicles. This is simply not true because Sgt. Mary Lee was actually present at the scene and witnessed Willie Copeland physically assaulting me.

I was assigned to work for Sgt. Mary Lee and my job included, among other things, raking the yard. On August 12, 2004, I was on my way to the barbershop to get my yard rake which was stored there, and upon my arrival I got into a minor altercation with another inmate by the name of Lee Boswell because he refused to let me in the said barbershop to get my rake as ordered by Sgt. Lee. Then we were brought into the shift office at which time we was questioned about the minor incident by Lt. Copeland with Sgt. Lee present. Lt. Copeland asked me and Boswell whether or not if the conflict between us was overwith and if so he was going to let me and Boswell sign a living agreement because it was minor. I agreed to sign a living agreement, but, Lt.

2.

copeland looked up and saw me starring at him, so he told me to stop looking at him because he did not like me anyway and then he knoked the living agreement off the desk at which time he told me that he had something personal against me and then he struck me in the head and face with his fist and subsequently kicked me in my sensitive testicles and he said he wanted me locked up and transferred to Holman prison based on his personal hatred against me which he chose not to tell me the exact reason in front of sgt. Lee.

In Lt. copeland's response he falsely alleges that I refused to sign a living agreement. This is also simply not true because sgt. Lee was actually present and heard me agreeing to sign the living agreement and she saw Lt. copeland knok it off the desk and heard him threaten to have me locked up and transferred, sgt. Lee presented the living agreement.

At that point Lt. copeland had me locked up and had officer william Hughes create a false confidential informant claiming to have heard me say that I would run a piece of steel through Lt. copeland's head the next morning. This is false hearsay because there is no evidence of any sworn affidavit actually being filed by the alleged informant necessary to verify or prove that I made such a violent statement against Lt. copeland. Because there

3.

was not any affidavit filed or entered at the disciplinary hearing the trying officer had no authority to find me guilty of a rule violation against Lt. Copeland, thus, the displinary rule conviction is void and cannot be properly used to support a transfer.

It was not known by me on the day of the unlawful assault on me by Lt. Copeland why he did not like me. On August 21st, 2004, I discovered the personal reason why Lt. Copeland assaulted me when another inmate assault victim of Lt. Copeland told me that he said that I don't really be cleaning up for Sgt. Lee, I be shaming around so I can have sex with Sgt. Lee, this was told to me by inmate Zavius Averette and he gave me a sworn affidavit under oath and I have a copy attached to my complaint. This proves that the reason Lt. Copeland physically assaulted me and transferred me was because of his untrue thought that I was having sex with Sgt. Lee.

In my sworn affidavit under oath prepared by me on August 12, 2004, I stated that Lt. Copeland threatened to unlawfully transfer me to Holman prison. I made this statement prior to being transferred and prior to the false allegation made by the alleged informant. On the contrary I did not say that I was going to

4.

run a piece of steel through Lt. Copeland's head as alleged in the disciplinary issued against me about a month and a half after the assault on me by Lt. Copeland, on September 23, 2004 and was not actually signed by the authorized warden of Staton Correctional Facility, but, was signed by some other unauthorized person on October 14, 2004. Further, I was not searched for a weapon nor was any weapon found in my possession.

After I was assaulted by Lt. Copeland there was not ever any physical examination conducted on me by any doctor in my testicle area. Since the assault I have been having difficulties urinating and getting an erection and have been having pains beneath my testicles and I am sure Lt. Copeland caused these disfunctions when he kicked me in the testicles to make sure I could not have sex with Sgt. Lee as he falsely accused me of to another inmate.

I have no other means to obtain a sworn statement from Sgt. Lee other than at trial on the witness stand. While I was at Staton I gave her a copy of inmate Averette's sworn affidavit which she read and agreed that Lt. Copeland had spread false and misleading all-

5.

-egations against me and her, I also gave copies to other fellow co-workers of hers and I am sure she will want to testify on my behalf to clear up these untrue all-egations made against me and her because she is a married woman.

To my knowledge, the above-related facts and sworn affidavits are true and correct.

Escambia county, Alabama

_____
Convict Signature

Sworn To and subscribed before me this 1 day of November, 2005.

_____
Notary Public
4-8-06

6.